# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

|  |  |  |
|---|---|---|
| PREMIER IMAGING/MEDICAL SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:15-cv-00503-TAV-CCS |
| | ) | |
| COFFEY FAMILY MEDICAL CLINIC, P.C. and PIONEER HEALTH SERVICES OF ONEIDA, LLC a/k/a PIONEER COMMUNITY HOSPITAL OF SCOTT, | ) ) ) ) ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT PIONEER HEALTH SERVICES OF ONEIDA, LLC TO COMPLAINT

Defendant Pioneer Health Services of Oneida, LLC ("Pioneer"), by and through counsel, answers the Complaint of Premier Imaging / Medical Systems, Inc. ("Plaintiff") as follows:

1.      Pioneer is without knowledge or information sufficient to affirm or deny the allegations contained in Paragraph 1 and therefore deny the same.

2.      Upon information and belief, Pioneer admits the allegations contained in Paragraph 2.

3.      Pioneer admits the allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4.      The allegations contained in Paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in Paragraph 4 are denied.

5.     The allegations contained in Paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, the allegations contained in Paragraph 5 are denied.

## FACTS

6.     Pioneer is without knowledge or information sufficient to affirm or deny the allegations contained in Paragraph 6 and therefore deny the same.  Pioneer expressly denies that Plaintiff is subject to any risk for servicing imaging equipment after termination of a service contract and after the subject equipment has been sold.

7.     Pioneer admits, upon information and belief, that the contract was signed by "Rosemary B. Coffey," who listed her title as "Administrator" of Coffey Family Medical Clinic, P.C. ("CFMC").  Pioneer states that the Contract attached as Exhibit 1 to the Complaint speaks for itself.  Pioneer denies any remaining allegations contained in Paragraph 7.

8.     Pioneer states that the Contract attached as Exhibit 1 to the Complaint speaks for itself and denies Paragraph 8 to the extent it attempts to misconstrue or misinterpret the Contract. Pioneer denies any remaining allegations contained in Paragraph 8 and expressly denies that Plaintiff provided any maintenance or repair service under the Contract after the Contract was terminated in January 2014.

9.     Pioneer admits that the quoted language appears in the Contract attached as Exhibit 1 to the Complaint.  Pioneer further states that the Contract speaks for itself and denies Paragraph 9 to the extent it attempts to misconstrue or misinterpret the Contract.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 9.

10.     Pioneer admits that effective January 1, 2014, Pioneer operated a medical facility at 281 Underpass Drive in Oneida, Tennessee.  The remaining allegations contained in Paragraph

10 are legal conclusions to which no response is required. To the extent a response is required, Pioneer denies the remaining allegations contained in Paragraph 10.

11.     Pioneer admits that effective January 1, 2014, Pioneer operated a medical facility at 281 Underpass Drive in Oneida, Tennessee. The remaining allegations contained in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, Pioneer denies the remaining allegations contained in Paragraph 11.

12.     Pioneer admits that Tony Taylor was the CEO of Pioneer in January 2014. Pioneer further admits that Mr. Taylor sent the letter attached as Exhibit 2 to the Complaint to Plaintiff on January 17, 2014, thereby terminating the Contract. Pioneer states that Mr. Taylor's letter of January 17, 2014, speaks for itself and denies Paragraph 12 to the extent it attempts to misconstrue or misinterpret such letter. Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 12.

13.     Upon information and belief, Pioneer admits that Dr. Coffey sent the letter attached as Exhibit 3 to the Complaint to Plaintiff on January 7, 2014, thereby terminating the Contract. Pioneer states that Dr. Coffey's letter of January 7, 2014, speaks for itself and denies Paragraph 13 to the extent it attempts to misconstrue or misinterpret such letter. Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 13.

14.     Pioneer states that Dr. Coffey's letter of January 7, 2014, speaks for itself and denies Paragraph 14 to the extent it attempts to misconstrue or misinterpret such letter. Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 14.

15.     Pioneer admits that it did not provide written notice to Plaintiff of any quality of service issues; however, Pioneer did provide notice that Plaintiff's service was no longer needed

on the subject equipment.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 15.

16.     Denied as written.  Pioneer admits that it made all payments it was required to make under the Contract and related documents.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 16.

17.     Pioneer admits that its final payment was made in April 2014.  Pioneer denies that any amount is past due or that Plaintiff was entitled to any payments after April 2014.  Pioneer is without knowledge or information as to the payments made by CFMC.   Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 17.

## CAUSES OF ACTION

### Count I – Breach of Contract

18.     Pioneer incorporates its responses to Paragraphs 1-17 by reference as if fully restated herein.

19.     Paragraph 19 contains legal conclusions to which to no response is required.  To the extent a response is required, Pioneer admits, upon information and belief, that the contract was signed by "Rosemary B. Coffey," who listed her title as "Administrator" of CFMC.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 19.

20.     Pioneer admits that it did not provide written notice to Plaintiff of any quality of service issues; however, Pioneer did provide notice that Plaintiff's service was no longer needed on the subject equipment.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 20.

21.     Denied as written.  Pioneer admits that it terminated the Contract on January 17, 2014, because it was not operating the equipment covered by the Contract thereby rending

performance impossible.  Except as admitted, Pioneer denies the remaining allegations contained in Paragraph 21.

22.     Paragraph 22 contains legal conclusions to which to no response is required.  To the extent a response is required, Pioneer denies that there was any breach of the Contract.

23.     Pioneer denies that there was any breach of the Contract or that Plaintiff has been damaged by any action of Pioneer.

24.     Pioneer denies that there was any breach of the Contract or that Plaintiff has been damaged by any action of Pioneer.


By way of response to the unnumbered paragraph beginning with "WHEREFORE," Pioneer denies the allegations in this paragraph and denies that Plaintiff is entitled to any of the relief requested.

Pioneer denies any allegations stated in the Complaint not admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted against Pioneer.

2.     Plaintiff's claim for attorney's fees is not based upon contract or statute and therefore must be denied.

3.     Part or all of Plaintiff's damages should not be allowed because of Plaintiff's failure to mitigate its damages after Defendants terminated the Contract in January 2014.

4.     Plaintiff's claims should be denied under the doctrines of waiver, estoppel, and laches because Defendants terminated the Contract in January 2014 and, upon information and belief, CFMC sold the subject equipment.

5.      To the extent there was a breach of the Contract by Pioneer, which Pioneer denies, such breach is excused by the fact that it was impossible for Plaintiff to service equipment that Pioneer never owned or operated and that was subsequently sold by CFMC.

6.      Plaintiff's claims are barred in whole or in part to the extent Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

7.      Plaintiff's claims against Pioneer must be dismissed because Plaintiff lacks standing and privity of contract to file suit against Pioneer.

8.      Plaintiff's claims are barred in whole or in part because the contractual relationship between it and Defendants had been terminated and canceled prior to any alleged breaches.

9.      Plaintiff's claims are barred in whole or in part because Plaintiff has no legally recognizable injury and any alleged damages are speculative and not recoverable as a matter of law.


Date:  December 3, 2015                          Respectfully submitted,

                                                 **PAINE | BICKERS LLP**

                                                 */s/ Taylor A. Williams*
                                                 John W. Elder (BPR #022775)
                                                 Email:  jwe@painetar.com
                                                 Taylor A. Williams (BPR #028172)
                                                 Email:  taw@painetar.com
                                                 900 South Gay Street, Suite 2200
                                                 Knoxville, TN  37902-1821
                                                 Telephone:  865-525-0880
                                                 Facsimile:  865-521-7441

                                                 ***Counsel for Defendant***
                                                 ***Pioneer Health Services of Oneida, LLC a/k/a***
                                                 ***Pioneer Community Hospital of Scott***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2015, a copy of the foregoing ***Answer of Defendant Pioneer Health Services of Oneida, LLC to Complaint*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Taylor A. Williams*
Taylor A. Williams (BPR #028172)